# EXHIBIT A

Filed
9/22/2021 11:14 AM
2021-DCL-05023 / 56724413
LAURA PEREZ-REYES
Cameron County District Clerk
By Monica Hernandez Deputy Clerk

CAUSE NO.: 2021-DCL-05023 _____

| | | |
|---|---|---|
| AURELIO CHAVEZ, JR. | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | Cameron County - 107th District Court |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT _____ |
| | § | |
| JOHN DOE AND | § | |
| BFI WASTE SERVICES OF TX, LP | § | |
| *Defendants.* | § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7, AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE RULE 609(F)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Aurelio Chavez, Jr., complaining of and about John Doe and BFI Waste Services of TX, LP, hereinafter collectively referred to as 'Defendants', and for cause of action show unto the Court the following:

## I.
## CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

Plaintiff seeks damages (including punitive damages) over $1,000,000, pursuant to Texas Rules of Civil Procedure 47(c)(4). Plaintiff intends that discovery be conducted under Discovery Level 3.

## II.
## PARTIES AND SERVICE

Plaintiff Aurelio Chavez ('Plaintiff') is an individual whose address is 143 Belvedeere, Brownsville, Texas 78520.

Plaintiff does not know the true name of Defendant John Doe ('Defendant Doe'), and therefore sues him/her by that fictitious name. When the true name and identity of Defendant

Doe is ascertained, Plaintiff will amended his Petition to identify him or her. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that Defendant Doe was negligently and proximately responsible for the events alleged in this Petition and for the Plaintiff's injuries and damages. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at al times relevant in this Petition, Defendant Doe was the agent and employee of his/her co-Defendants, and in doing the things alleged in this Petition, was acting within the course and scope of that agency and employment.

Defendant BFI Waste Services of Texas, LP ('Defendant BFI Waste Services'), a Texas Corporation, may be served with process by serving its Registered Agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This Court has jurisdiction over Defendant Doe because said Defendant is a Texas resident.

This Court has jurisdiction over Defendant BFI Waste Services because said Defendant is a Texas Corporation.

Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

On or about March 24, 2021, Plaintiff was parked in his motor vehicle in a residential driveway, located in Brownsville, Cameron County, Texas. At all times relevant, Defendant Doe

was operating a garbage truck in the vicinity of Plaintiff's vehicle. Suddenly and without warning, Defendant Doe, failing to pay attention in his driving, struck Plaintiff's vehicle with the extension arm of the garbage truck. As a direct and proximate result of the collision complained of herein, Plaintiff sustained severe bodily injuries.

Upon information and belief, Defendant Doe was within the course and scope of his employment with Defendant BFI Waste Services at the time of the collision. Thus, Defendant BFI Waste Services is liable for the negligent acts and omissions of its agents, servants, and/or employees, namely Defendant Doe under the doctrine of *resondeat superior*.

Additionally, upon information and belief, Defendant Doe was an incompetent driver, and Defendant BFI Waste Services negligently entrusted the vehicle driven by Defendant Doe at the time of the collision.

## V.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT DOE

Defendant Doe had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Doe's negligent, careless, and reckless disregard of said duty.

The negligent, careless, and reckless disregard of duty of Defendant Doe consisted of, but is not limited to, the following acts and omissions:

   A.   In that Defendant Doe failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

   B.   In that Defendant Doe failed to maintain a clear and reasonable distance with other motorists; Texas Transportation Code §545.062;

   C.   In that Defendant Doe failed to pay attention in his driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401;

D.  In that Defendant Doe failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062; and

E.  In that Defendant Doe in willful or wanton disregard for the safety of person or property in violation of Section 545.401 of the Texas Transportation Code, which constitutes negligence and negligence per se.

## VI.
## PLAINTIFF'S CAUSES OF ACTION – NEGLIGENCE AGAINST DEFENDANT BFI WASTE SERVICES

On or about March 24, 2021, and at all times mentioned herein, Plaintiff alleges that Defendant BFI Waste Services, acted through its employee, Defendant Doe, who was at all times acting within the scope of his employment. Defendant Doe was engaged in furtherance of Defendant BFI Waste Services' business; because Defendant Doe was engaged in accomplishing a task for which he/she was employed and acting within the course and scope of his/her employment with Defendant BFI Waste Services' when the crash occurred, Defendant BFI Waste Services is liable to Plaintiff under the doctrine of *respondeat superior*.

Upon information and belief, Defendant BFI Waste Services was negligent in training Defendant Doe; in failing to supervise Defendant Doe; and retaining Defendant Doe. Plaintiff alleges that had Defendant BFI Waste Services' agents properly trained Defendant Doe; this incident could have been avoided.

At all times pertinent, Defendant BFI Waste Services and any of its agents, who were acting with their scope of employment were guilty of negligent conduct towards Plaintiff by:

a.  Failing to train its agents, servants, and/or employees regarding the importance of maintaining a reasonable distance from other vehicles;

b.  Failing to supervise its agents, servants, and/or employees to ensure the safety of other drivers on the roadway;

c.  Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving and operating their vehicle;

   d.  Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the transportation of cargo, equipment and/or machinery; and

   e.  Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

These conditions and activities existed even though Defendant BFI Waste Services' agents knew, or through the exercise of due diligence should have known, of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the Court that had Defendant BFI Waste Services' agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of Defendant BFI Waste Services constituted negligence which was and is a direct and proximate result of Plaintiff's serious bodily injuries.

At all times material hereto, all of the agents, servants, and/or employees for Defendant BFI Waste Services who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant BFI Waste Services is further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

## VII.
## PLAINTIFF'S CLAIMS OF NEGLIGENT ENTRUSTMENT
## AGAINST DEFENDANT BFI WASTE SERVICES

On March 24, 2021, Defendant BFI Waste Services was the owner of the vehicle operated by Defendant Doe.

Defendant BFI Waste Services entrusted the vehicle to Defendant Doe, a reckless and incompetent driver.

Defendant BFI Waste Services, through the exercise of reasonable care, should have known that Defendant Doe was a reckless and incompetent driver.

As described herein, Defendant BFI Waste Services was negligent on the occasion in question.

Defendant BFI Waste Services was the proximate cause of Plaintiff's damages.

## VIII.
## DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer bodily injury, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

B. Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earning capacity which, in all reasonable probability, will be incurred in the future;

H. Disfigurement in the future;

I. Mental anguish in the past;

J. Mental anguish in the future; and

K. Cost of medical monitoring and prevention in the future.

## IX.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendants in response to written discovery propounded to Defendants. As such, the produced documents are self-authenticating pursuant to Texas Rules of Civil Procedure, Rule 193.7.

## X.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendants, pursuant to Texas Rules of Evidence, Rule 609(f), that Plaintiff demands timely written notice by Defendants that Defendants demand to seek admission of criminal convictions, as defined in Texas Rules of Civil Evidence, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XI.
## REQUIRED DISCLOSURES

Defendants are required to disclose, within thirty (30) days of the filing of their Original Answer, the information and/or material described in Rule 194.2(b)(1-12) of the Texas Rules of Civil Procedure.

## XII.
## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,
**BEGUM LAW GROUP**

/s/ Juan Gonzalez
Juan H. Gonzalez
Texas Bar No.: 24087602
2401 Wild Flower, Suite B
Brownsville, Texas 78526
T. (956) 982-1800
F. (956) 982-8602
E. BrownsvilleLegal@begumlawgroup.com
*Attorney for Plaintiff*

## COURTESY NOTICE TO DEFENDANTS

If you had insurance at the time of the collision, please contact and forward a copy of this petition to your insurance company.