Case 1:21-cv-00153  Document 27  Filed on 12/03/21 in TXSD  Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| AURELIO CHAVEZ, JR., § <br>     *Plaintiff*, § <br> § <br> v. § <br> § <br> LUIS CARLOS LOPEZ and § <br> BFI WASTE SERVICES OF TEXAS LP., § <br>     *Defendants.* § | Cause Number 1:21-cv-153 |

**MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

The Court is in receipt of "Plaintiff's Motion to Remand and Motion for Sanctions" ("Motion to Remand" and "Motion for Sanctions"), "Defendant Republic Services, Inc.'s Response to Plaintiff's Motion to Remand" ("Response"),[1] "Plaintiff's Reply to Defendant's Response to Motion to Remand and Motion for Sanctions" ("Reply"), and "Defendant BFI Waste Services of Texas LP.'s Sur-reply to Plaintiff's Motion to Remand and for Sanctions" ("Surreply"). Dk. Nos. 13, 19, 21, 26. For the reasons below, it is recommended that the Court: (1) **GRANT** the Motion to Remand; (2) **DENY** the Motion for Sanctions; and (3) **DIRECT** the Clerk of Court to **REMAND** this case to the 107th Judicial District Court of Cameron County, Texas.

### I.     Venue and Jurisdiction

Venue is proper in this Division and District because the purported events giving to Plaintiff's claims occurred here. *See* Dkt. No. 11 at 2. (describing events occurring in

---

[1] Defendant, BFI Waste Services of Texas, LP, incorrectly refers to itself in the caption of its Response. Further, despite the caption's reference solely to the Motion to Remand, Defendant responds to both the Motion to Remand and Motion for Sanctions.

Brownsville, Cameron County, Texas);  28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claims occurred").  The Court has personal jurisdiction over Defendants because Plaintiff's claims arise specifically from their actions within this jurisdiction.  However, as more fully set forth below, the Court lacks subject matter jurisdiction over the claims because Plaintiff's identification of the John Doe defendant destroys complete diversity of the parties.

## II.     Background and Procedural History

This is a motor vehicle accident case arising out of the purported collision of a vehicle driven by Plaintiff, Aurelio Chavez, Jr., with the extension arm of a sanitation truck driven by Defendant, Luis Carlos Lopez, who was employed by Defendant, BFI Waste Services of Texas, LP ("BFI").[2]  On March 24, 2021 in Brownsville, Texas, Chavez, who was attempting to exit a residential driveway, allegedly stopped his vehicle due to being blocked by Lopez's stationary garbage truck.  Dkt. Nos. 11 at 2, 21-1 at 4.  While both vehicles were stationary, the trash receptacle extension arm of Lopez's sanitation truck allegedly struck Chavez's vehicle ("Incident").  Dkt. Nos. 11 at 2, 21-1 at 4.

As a result of the Incident, on August 27, 2021, Chavez filed, *inter alia*, an Original Petition in the 107th Judicial District Court of Cameron County, Texas.  Dkt. No. 1-3 at 2.  In the Original Petition, he asserted the following claims: (1) negligence claim against unidentified defendant driver, John Doe; (2) negligence claim against purported Texas

---

[2] Plaintiff filed his claims against BFI Waste Services of TX, LP, but BFI identifies itself as the following various entities throughout this lawsuit, in chronological order: (1) BFI Waste Services of Texas LP; (2) BFI Waste Services of Texas LP.; (3) BFI Waste Services of TX, LP; (4) BFI Waste Services of TX, LP.; (5) BFI Waste Services of Texas, LP.; (6) BFI Waste Services of Texas, LP; and (7) Republic Services, Inc.  *See* Dkt Nos. 1-3 at 2, 1 at 1, 6 at 1, 8 at 1, and 14 at 1.  The Court refers to this defendant entity as "BFI" herein.

corporation, BFI; and (3) negligent entrustment claim against BFI. Dkt. No. 1-3 at 2-7. Chavez alleged that he is a citizen of Texas. Dkt. No. 1-3 at 2. On September 7, 2021, Chavez served the Original Petition and citation on BFI. Dkt. No. 1 at 2.[3]

On October 6, 2021, BFI removed the case to this Court and filed its Original Answer. Dkt. Nos. 1, 5. In its Notice of Removal, BFI alleges that it is an Arizona corporation with its principal place of business located in Arizona. Dkt. No. 1 at 1. On October 7, 2021, BFI filed its Amended Certificate of Interested Parties, in which it identified "Luis Lopez" as a defendant. Dkt. No. 9 at 1. On October 15, 2021, Chavez filed his First Amended Complaint. Dkt. No. 11. In the First Amended Complaint, Chavez asserts the following claims: (1) negligence claim against purported Texas citizen, Lopez; (2) negligence claim against purported Arizona corporation, BFI; and (3) negligent entrustment claim against BFI. Dkt. No. 11 at 1, 3-5. Chavez alleges that he is a citizen of Texas. Dkt. No. 11 at 1. In response to Chavez's First Amended Complaint, Lopez filed an answer, but BFI has not done so. Dkt. No. 20.

On October 15, 2021, Chavez filed his Motion to Remand and Motion for Sanctions. Dkt. No. 13. Subsequently, BFI filed its Response, Chavez filed his Reply, and BFI filed its Surreply. Dkt. Nos. 19, 21, 26. The Motion to Remand and Motion for Sanctions are now ripe for consideration.

---

[3] BFI's reference to service of the "summons and complaint" likely refers to service of the Original Petition and citation.

### III. Discussion

**A. Motion to Remand**

**i. Standard**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. "This statute and its predecessors have consistently been held to require complete diversity of citizenship . . . diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Further, any "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

"In determining whether a civil action is removable on the basis of [1332 diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441; *see also Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 248 (5th Cir. 2011) (where the Fifth Circuit held that "the case was removable based on its initial pleading" because (1) the allegedly non-diverse defendant, John Doe, was sued under a fictitious name and (2) the only other non-diverse defendant was improperly joined.). Further, "[i]t is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).

However, the requirement to disregard the citizenship of defendants sued under fictitious names "applies only to John Doe defendants as such, not to *subsequently* named parties identifying one of those fictitious defendants." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (emphasis added). Specifically, the Fifth Circuit has held as follows:

> "Generally, jurisdiction is determined at the time the suit is filed . . . However, addition of a nondiverse party will defeat jurisdiction . . . The language of 1447(c) does not mean that the court cannot consider post-removal developments.... [M]ost post-removal developments—amendment of pleadings to below jurisdictional amount or change in citizenship of a party— will not divest the court of jurisdiction *but an addition of a nondiverse defendant will . . .*"

*Id.*

### ii. The Parties' Arguments

In his Motion to Remand, Chavez asserts that, at the time he filed the Original Petition in state court, he was unaware of the sanitation truck driver's identity, and thus, named John Doe as the defendant driver. Dkt. No. 13 at 1. Subsequently, Chavez identified John Doe as Texas citizen, Luis Carlos Lopez. *Id.* at 4.[4] As a result of this identification of a nondiverse defendant, Chavez argues that the parties are no longer completely diverse based on the Texas citizenship of both Chavez and Lopez. *Id.* at 3-4. Finally, Chavez argues that he did not fraudulently join Lopez because defendant drivers owe an independent duty of care to the public regardless of whether they are acting within the course and scope of their employment at the time of the act giving rise to the claim. *Id.* at 5.

---

[4] Chavez does not explicitly indicate how he identified John Doe as Luis Carlos Lopez, but BFI identified "Luis Lopez" as a defendant in its Amended Certificate of Interested Parties prior to Chavez's filing of his First Amended Complaint.

In its Response, BFI argues removal was proper at the time it occurred because courts must ignore the citizenship of defendants sued under fictitious names. Dkt. No. 19 at 2-3. BFI also argues that Chavez failed to request leave to file the First Amended Complaint. *Id.* at 4.[5] BFI cites *Hensgens v. Deere & Co.* for the proposition that this Court must consider certain factors in determining whether to allow the post-removal joinder of a nondiverse defendant and that such factors support denying the Motion to Remand. *Id.* at 4-7.

In his Reply, Chavez asserts that the *Hensgens* analysis does not apply to this case because Chavez filed his First Amended Complaint as a matter of course in accordance with Federal Rule of Civil Procedure 15(a)(1)(B). Dkt. No. 21 at 2. Chavez alternatively asserts that the *Hensgens* factors support granting the Motion to Remand. *Id.* at 2-5. In its Surreply, BFI argues that there is no indication in *Hensgens* that it would not apply to the instant case. Dkt. No. 26 at 1. In support thereof, BFI cites a partially overturned and distinguishable case.

### iii. On the date of removal, BFI validly removed this case.

At the time of removal on October 6, 2021, the parties were as follows: (1) Plaintiff and Texas citizen, Chavez; (2) Defendant and alleged Arizona citizen, BFI;[6] and (3)

---

[5] BFI has not moved to strike the First Amended Complaint.
[6] The parties have failed to correctly support identification of BFI's citizenship. Chavez describes BFI as a "Texas Corporation." Dkt. No. 1-3 at 3. BFI describes itself as "an Arizona corporation with a principal place of business in Arizona" and as "an Arizona company with its principal place of business in Arizona." Dkt. Nos. 1 at 1, 19 at 1, respectively. Both are incorrect. Pursuant to the Texas Secretary of State's database, BFI Waste Services of Texas, LP is a Delaware limited partnership. For purposes of determining diversity jurisdiction, a limited partnership has the citizenship of each of its partners, whether general or limited. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, (1990). Neither Chavez nor BFI has explicitly alleged the citizenship of every partner of BFI. Moreover, the specific language used by both parties in alleging the citizenship of BFI indicates that the parties likely have not analyzed the citizenship of every partner of BFI. Regardless, the Court does not attempt to determine the citizenship of BFI herein because doing so is unnecessary to resolve the Motion to Remand and Motion for Sanctions.

Defendant and alleged Texas citizen, John Doe. *See* Dkt. Nos. 1-3 at 2, 1 at 1, and 1-3 at 3, respectively. Under 28 U.S.C. § 1441 and *Kemp v. CTL*, the courts disregard the citizenship of John Doe parties at the time of removal. Thus, on the date of removal, BFI had validly removed this case.

### iv. The filing of the First Amended Complaint and identification of the John Doe defendant destroyed diversity subject matter jurisdiction.

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). BFI filed its Notice of Removal on October 6, 2021, and Chavez filed his First Amended Complaint on October 15, 2021. As Chavez filed his First Amended Complaint in response to the Notice of Removal within 21 days of service, the Federal Rules did not require him to seek leave to file the First Amended Complaint.

In his First Amended Complaint, Chavez identifies Lopez as a Texas citizen. Under *Doleac*, Chavez's identification of Lopez, post-removal, destroyed diversity jurisdiction. *Doleac*, 264 F.3d at 477. Thus, although BFI initially validly removed the case on October 6, 2021, Chavez's post-removal identification of Lopez destroyed diversity jurisdiction.

As Chavez filed his First Amended Complaint as a matter of course in accordance with Federal Rule of Civil Procedure 15(a)(1)(B), the *Hensgens* factors do not apply to the identification of John Doe as Lopez. BFI's reliance on *Hensgens v. Deere & Co.* is misplaced. In that case, the United States Court of Appeals for the Fifth Circuit held as follows:

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). However, a "party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading[.]" Fed. R. Civ. P. 15(a)(1)(B).

Despite BFI's argument that the *Hensgens* factors apply to the joinder of parties regardless of whether the plaintiff seeks leave to amend, *Hensgens* itself implies the opposite where a plaintiff amends his petition as a matter of course. In *Hensgens*, the Fifth Circuit found that "Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'should be freely given when justice so requires'" and subsequently identified the four factors. Thus, the Fifth Circuit likely envisaged the four-factor analysis applying to the joinder of parties only where leave is sought to amend the complaint (as under current Federal Rule 15(a)(2)), rather than applying to the joinder of parties as a matter of course (as under current Rule 15(a)(1)). *See* Fed. R. Civ. P. 15(a)(1) (providing for the amendment of pleadings as a matter of course); *see also* Fed. R. Civ. P. 15(a)(2) (providing for the amendment of pleadings in all other cases and requiring that the "court should freely give leave when justice so requires.").

Further, Chavez likely did not fraudulently join Lopez because a driver whose negligence causes an auto accident may be held individually liable along with his

employer despite driving within the course and scope of employment at the time of the incident. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Thus, the Court should grant Chavez's Motion to Remand.

**B.      Motion for Sanctions**

    **i.      Standard**

By submitting to the court a pleading or written motion, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . [the pleading] is not being presented [to] cause unnecessary delay, or [to] needlessly increase the cost of litigation . . . [and] the claims defenses, and other legal contentions are warranted by existing law[.]" Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A motion for sanctions must be made separately from any other motion and must describe the conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

    **ii.      The Parties' Arguments**

In his Motion for Sanctions, Chavez argues that BFI's purportedly conscious withholding of the identity and citizenship status of John Doe in an attempt to create federal diversity constitutes sanctionable conduct. Dkt. No. 13 at 6. Chavez selectively cites *dicta* from a purportedly analogous, but actually distinguishable, non-binding opinion in support of the motion. *Id.* at 6-7. Specifically, he asserts that the United States District Court for the Western District of Louisiana has found that an "unscrupulous defendant might misuse the discovery process to delay a plaintiff's identification as an

unnamed John Doe defendant" without including the following final portion of the sentence: "only to reveal it after a change of domicile." Dkt. No. 13 at 6-7; *Fontenot v. Union Pacific Railroad Company*, 374 F. Supp. 3d 597, 603 (W.D. La. 2019). Chavez cites no other authority in support of his Motion for Sanctions.

In its Response, BFI argues that it did not withhold any information from Chavez and implies it had no duty to disclose the identity of John Doe prior to removal. *See* Dkt. No. 19 at 8. In his Reply, Chavez argues, without authority, that BFI's purportedly conscious withholding of the identity and citizenship status of John Doe, non-disclosure that the First Amended Complaint was filed as a matter of course, and representation that Chavez waived his right to file the First Amended Complaint constitute sanctionable conduct. Dkt. No. 21 at 6. In its Surreply, BFI restates its previous arguments and argues that Chavez's counsel's reference to "unscrupulous" conduct is sanctionable. Dkt. No. 26 at 3.[7]

### iii. The Motion for Sanctions should be denied.

The Motion for Sanctions should be denied because Chavez: 1) failed to file his Motion for Sanctions separately from his Motion to Remand: 2) failed to cite the applicable standard; 3) failed to apply the applicable standard; and 4) failed to specifically assert how the actions of BFI or its counsel constitute sanctionable conduct. On October 6, 2021, BFI validly removed the case based upon the specific allegations in the Original Petition. Further, "[i]t is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Thus, prior to removal, BFI had no

---

[7] BFI has not moved for sanctions.

obligation to identify John Doe. Moreover, Chavez has presented no evidence showing that BFI obfuscated any attempt by Chavez to identify Lopez or otherwise acted unscrupulously.

Chavez's argument that BFI's purportedly conscious withholding of the identity and citizenship status of John Doe constitutes sanctionable conduct is contrary to the holding of *Lincoln Property*. Chavez also argues that BFI engaged in sanctionable conduct because: 1) BFI did not disclose that Chavez filed the First Amended Complaint as a matter of course; and 2) BFI represented that Chavez waived his right to file the First Amended Complaint. However, Chavez clearly conflates standard federal court advocacy with sanctionable conduct. Thus, the Court should deny the Motion for Sanctions.

## IV. Recommendation

For the reasons above, it is recommended that the Court: (1) **GRANT** the Motion to Remand; (2) **DENY** the Motion for Sanctions; and (3) **DIRECT** the Clerk of Court to **REMAND** this case to the 107th Judicial District Court of Cameron County, Texas.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **3rd** day of **December, 2021**, **at Brownsville, Texas.**

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**